ROBERT H. COLOPY *vs.* LORETTA B. COLOPY. December 31, 1964. Decree affirmed. A probate judge concluded upon ample evidence that Colopy was living apart from his wife for justifiable cause and awarded him custody of his five children. The Colopys lived from 1949 to 1962 as members of a center maintained by a religious group, dominated by its leader, whose "rights to act as a priest were taken from him." Originally, couples there "were allowed to live . . . something like normal married lives." Later all members "had to take a vow of chastity and celibacy" and of obedience. The five children were placed at an early age under the supervision of persons not their parents. The children and each of the parents thereafter lived in separate parts of the center. The children have no normal family life, slight contact with the outside world, and go to the center's school which has not been adequately investigated by public authorities. The wife, since 1962, adamantly has refused to join her husband in establishing their home outside the center. The judge correctly ruled that the primary consideration was the children's welfare and justifiably concluded that it would be best served by life with Colopy outside the center. General Laws (Ter. Ed.) c. 208, § 30, and c. 209, § 37, do not preclude awarding custody to Colopy, a college graduate and law student, who wishes to remove the children to another State to live near his father, a man of substance. On the evidence, the judge could properly find good cause for such a removal.

*Philip B. Buzzell (Ernest L. Anderson* with him) for the respondent.
*Walter J. Griffin (Richard M. Wall* with him) for the petitioner.